**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ARTIM TRANSPORTATION SYSTEM, INC., Respondent.**

No. 17688.

United States Court of Appeals, Seventh Circuit.

Feb. 12, 1970.

Rehearing Denied Feb. 26, 1970.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Robert A. Giannasi, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marshall F. Berman, Atty., N. L. R. B., Washington, D. C., for petitioner.

George Gregory Mantho, Detroit, Mich., for respondent.

Before HASTINGS, Senior Circuit Judge, CUMMINGS and KERNER, Circuit Judges.

PER CURIAM.

This matter is before us on application of the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq., § 160(e), for enforcement of its Order dated January 27, 1969, and reported at 174 NLRB No. 40.

By such Order, the Board directed respondent Artim Transportation System, Inc. (Company) to cease and desist from discouraging membership in labor organizations by discharging or discriminating against any of its employees because of their participation in protected activities. Affirmatively, the Board ordered the Company to offer reinstatement to a former employee, Everett W. Batcheller, allegedly discharged because of his union and other protected activity. The Company was also directed to post the usual notices.

Briefly, the record discloses that Batcheller was employed as a truck driver by the Company and was a member of Local 142, International Brotherhood of Teamsters. Batcheller was something of a self-styled crusader for the rights of others and on several occasions circulated letters and petitions protesting Company treatment of himself and other employees. On one occasion Batcheller contacted the Interstate Commerce Commission in connection with a problem he was having with the Company and apparently succeeded in causing an I.C.C. investigation.

On several occasions, the Company allegedly took discriminatory action against Batcheller by assigning him to operate old and rundown trucks, by reducing his overtime and by various other means.

In October, 1967, Batcheller was hospitalized and off work. While he was home convalescing, the Company's chief dispatcher "stumbled on" to Batcheller's rural home while supposedly chasing ducks in a car. He looked around the place but did not make his presence known. A few days later, he returned with the Company's personnel supervisor and took pictures of some tarpaulins around the Batcheller home. The men went in to see "good old Batch" but said nothing of the purpose of their visit. About a week later, the men returned with two sheriff's detectives and attempted to identify the tarpaulins as Company property. Batcheller denied they were Company property and offered an explanation of how and where he got them. The evidence concerning the identification of the tarpaulins was in conflict.

About a week later, just before Batcheller was scheduled to return to work, he was notified that he was being discharged for stealing Company tarpaulins.

The single question for our consideration is whether substantial evidence on the record as a whole supports the finding of the Board that the Company violated Section 8(a) (3) and (1) of the Act by discharging Batcheller because of his union and other protected activities, rather than because of the alleged theft. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

From our review of the record before us and on consideration of the briefs and the oral argument of the parties, we find and hold the Board's conclusion concerning the Company's motive for Batcheller's discharge to be supported by substantial evidence on the record considered as a whole.

We are in agreement with and adopt the decision and order of the Board reported at 174 NLRB No. 40, and on this authority we grant the Board's petition for enforcement.

Enforcement granted.